UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSUE PETIOTE (A 246-334-226)

Petitioner,

v.

CHESTNUT,

Respondent.

No. 1:26-CV-03830-DAD-CKD

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner, a native and citizen of Haiti, entered the United States on December 6, 2022, without inspection. ECF No. 10-1 at 5. Before detention, he had been living in Florida and working to support his two children. Id. He has no known criminal arrests or convictions. Id. at 6. In September 2024, Petitioner was placed in removal proceedings and administratively charged under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(1) for having entered the U.S. without admission or parole and not having documents that would allow proper entry. Id. at 6. He was not detained at that time. Id. Instead, U.S. Immigration and Customs Enforcement ("ICE") officers arrested him over a year later, on January 20, 2026, while removal proceedings

were still pending, and without claiming any changed circumstances. Id. at 7. He was then transferred from a detention facility in Florida to the California City detention facility, far from his family. Id. at 2. As a result, his removal proceedings have changed venue various times, and he still has not been scheduled for an individual hearing. Id. at 7. Nor has he been given a bond hearing. Id. at 8.

Petitioner filed a petition for writ of habeas corpus on May 18, 2026. ECF No. 1. After the appointment of counsel, Petitioner filed an amended petition alleging that his detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. ECF No. 10-1. Respondent's position is that since Petitioner entered the U.S. without permission, he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) as an "applicant for admission." ECF No. 12.

## II. Legal Standards

### A. Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). This case presents both statutory and constitutional challenges to Petitioner's ongoing immigration detention. This court has jurisdiction.

### B. Applicable Immigration Detention Statute

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Supreme Court described the detention statutes at issue in this case, 8 U.S.C. § 1225 and 8 U.S.C. § 1226, in some detail in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> To implement its immigration policy, the Government must be able to decide (1) who may enter the country and (2) who may stay here after entering.
>
> That process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether a[] [non-citizen] seeking to enter the country is admissible. Under [] 8 U.S.C. § 1225, [a non-citizen] who "arrives in the United States," or "is present" in this country but "has not been admitted," is treated as

"an applicant for admission." Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3).

As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to [non-citizens] initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other [non-citizens] designated by the Attorney General in his discretion. See 8 U.S.C. § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B).

Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain [non-citizens]. [Non-citizens] covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) [non-citizen] "indicates either an intention to apply for asylum ... or a fear of persecution," then that [non-citizen] is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the [non-citizen] has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). [Non-citizens] who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those [non-citizens] "shall be detained for a [removal] proceeding" if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country. 8 U.S.C. § 1225(b)(2)(A).

….

Even once inside the United States, [non-citizens] do not have an absolute right to remain here. For example, [a non-citizen] present in the country may still be removed if he or she falls "within one or more ... classes of deportable [non-citizens]." 8 U.S.C. § 1227(a). That includes [non-citizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).

Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal. Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] "pending a decision on whether the [non-citizen] is to be removed from the United States." § 1226(a). "Except as provided in subsection (c) of this section," the Attorney General "may release" [a non-citizen] detained under § 1226(a) "on ... bond" or "conditional parole."

Id. at 286-89 (footnote omitted).[1]

## III. Analysis

The Court turns first to the claim in the § 2241 Petition asserting that Petitioner's ongoing detention without a bond hearing violates 8 U.S.C. § 1226(a). Respondent's argument that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit. See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

> Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States. See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025).

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025). The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing Petitioner's detention here is § 1226(a), and not § 1225(b)(2).

The undersigned also notes the increasing body of appellate case law outside the Ninth Circuit on this issue. The undersigned declines to follow Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), for the reasons articulated in De La Paz Salazar, et al. v. Noem, No. 1:26-cv-0899 DC SCR, 2026 WL 915128, at *4 (E.D. Cal. Apr. 3, 2026). The undersigned instead finds persuasive the Second Circuit's extensive analysis in Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026). See also Hernandez Alvarez

---

[1] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

v. Warden, Federal Detention Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026) (holding that § 1226(a) governs detention of "unadmitted [non-citizens] found in the interior of the United States" and that such non-citizens "are eligible for bond while they go through immigration proceedings"); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) (holding that § 1226(a) governs detention of individuals who entered without inspection but are arrested in the interior of the United States).

Having determined that Petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that habeas relief is warranted. Here, Respondent contends that Petitioner was detained in January 2026 pursuant to section 1225(b)(2)(A) and have not claimed that he was detained under section 1226, or any other basis. Because Respondent does not assert any alternative basis for Petitioner's detention, and does not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is Petitioner's immediate release. Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (citing Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. Sep. 23, 2025) (other citations omitted)).

**IV. Recommendations**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be GRANTED;
2. Respondent be ORDERED to immediately release Petitioner from Respondent's custody;
3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions;
4. Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner for any purposes, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a);
5. The Clerk of Court be directed to serve California City Immigration Processing Center with a copy of any order granting release; and
6. Any final order entered in this case not address the circumstances in which

Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 peti3830.imm.fnr